# William Wilson, plaintiff in error *vs.* Joseph Webster, defendant in error.

### *Error to Lee.*

A note executed in consideration of a quit claim, to certain lots of land, the title to which is in the United States, but containing improvements upon any one of them, in the righful claim, or ownership of the vendor, is collectable without any proportionate deduction for the value of those lots which contain no improvements.

Where a purchaser obtains all that he bargained for, in the absence of all fraud or illegallity in the transaction, and receives the benefit designed to be transferred, he cannot set up against the vendor, a want of, or failure of consideration.

This was an action of assumpsit instituted by Joseph Webster, against William Wilson, in the District Court of Lee county, upon a note of which the following is a copy :

"$10,025                  "Ft. Madison, Sept. 25, 1839.

"Two years after date, I promise to pay to the order of Joseph Webster, ten hundred and twenty-five dollars, for value received, without defalcation or discount.        WILLIAM WILSON.

"Attest, JAMES DOUGLASS."

The declaration contained but one count. To which there was a special demurrer, but which the record does not show was called up.

The parties went to trial upon the general issue, and a notice by the defendant, that the note was executed without any consideration and that if there was any consideration, it had wholly failed.

A verdict and judgment was rendered for the plaintiff, for the sum of $1,089,06 damages, together with costs.

On the trial the defendant offered evidence to prove, that the note on which suit was brought, together with another note of the same amount, which other note was paid before the commencement of this suit, were given for eleven town lots in the town of Fort Madison, at that time in the county of Desmoines, and territory of Wisconsin, now the territory of Iowa; and which said lots at the time of said sale, were conveyed by deed of quit claim, from plaintiff to defendant; that at the time of such sale and conveyance, the fee simple title to said lots was in the government of the United States, and continued so to be at the time of trial; that there were at the time of said sale and conveyance, improvements on four of said lots; that the four lots on which said improvements were made, were at the time of such sale and conveyance, estimated to be worth eight hundred dollars. By plaintiff, evidence was offered to prove that prior to such sale, he was in possession of said four lots, by inclosure, and the residue was held and claimed by him, not by the inclosure, but in accordance with the custom of the settlers in said town of Fort Madison; that he was recognized by the citizens of said town, and others, as entitled to the possession of the same; that at the time of sale aforesaid, he transferred his possession to defendant; who subsequently sold one of said lots, and received for all of said lots, certificates of pre-emption from the commissioners appointed under an act of Congress, approved July 2, 1836, entitled an act for laying off the towns of Fort Madison and Burlington, in the county of Desmoines, and the towns of Belleview, Dubuque and Pine in the county of Dubuque, &c., and the act amendatory, approved December 3, 1837. The plaintiff also gave in evidence a law of the territory of Wisconsin, approved, Dec. 3, 1836, entitled "An act to provide for the collection of demands growing out of contracts for sale of improvements on public lands."

Whereupon the defendant, by his counsel, H. T. Reid, asked of the court the following instructions to the jury:

1. That if they were satisfied that the promissory note on which this suit was brought, was given for lots of land, which at the time of its

execution, belonged to the government of the United States, they were bound to find a verdict for the defendant, as there was no consideration.

2. That if there was any consideration, it was illegal.

3. That if they were satisfied that the said note was given for improvements on lands belonging to the government of the United States at the time of its execution, they were bound to find a verdict for the defendant on the ground that there was no consideration.

4. That if such improvements constituted any consideration, such consideration was wholly void.

5. That if the jury were satisfied, that there were improvements on a part only, of the lots so sold and conveyed, they were bound to find a verdict for the plaintiff, only for the proportionate value of the lots, on which there were improvements at the time of the execution of the said note.

6. That if they were satisfied that said lots were not in the possession of said plaintiff, by enclosure, at the time of the sale of said lots, they were bound to find a verdict for the defendant.

The first instruction the court refused to give in express terms; and charged that if there were improvements on the land, although it belonged to the United States, they would constitute a good consideration.

The fifth instruction was refused to be given in express terms, by the court; and the jury charged, that if the lots constituted one tract, an improvement on one might enure to the benefit of the rest, but otherwise, if the lots constituted separate and independent tracts.

The second, third, fourth and sixth instructions were also refused to be given. To all of which refusal and instructions the defendant excepted. And these constitute the errors assigned by Wilson, plaintiff in error, in this court.

REID & JOHNSON, for plaintiff in error, cited, in support of the first assignment, act of Congress, 1807, vol. 1, Land Laws, &c., 156; 1 Blackfords Rep. page ——; 6 Missouri Rep. 853; Organic Law, page 34, sec. 6, Iowa stat. Of the second, Chitty on Con. 539, 536, 538 & 540. Of the third, Chitty on Con. 536, 538.

HENRY W. STARR, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The only exception taken to the proceedings below, by the plaintiff in error, is in relation to the instructions of the court to the jury. Six several instructions were asked by the counsel for the plaintiff in error and refused, either wholly or in

part. All these except the fifth are of two classes. First, those calling for a decision that the sale of improvements on the public lands was an insufficient consideration for a promise; second, that it was an illegal consideration and that the law in neither case would compel the payment of a note given therefor.

Both these points have been frequently decided by this court, and the ruling of the court below was in perfect accordance with those decisions. Freeman vs. Holliday, Hill vs. Smith, and Stannard and others vs. McCarty. The only question we need to consider therefore, is that raised by the fifth instruction asked, and the charge of the court thereupon. That instruction was as follows: "That if the jury were satisfied that there were improvements on a part only of the lots so sold and conveyed, they were bound to find a verdict for the plaintiff only for the proportionate value of the lots on which there were improvements at the time of the execution of said note." The court refused to give this instruction in the precise terms in which it was asked, but charged the jury that if the lots constituted one tract, an improvement on one, might enure to the benefit of all, but otherwise, if the lots constituted separate and independent tracts. The last branch of this charge is in accordance with the instruction asked. The plaintiff in error could not therefore except to it, so that it need not now be considered.

By the first branch of the charge we understand the court to have ruled, that where a person is in possession of one entire tract of public lands, having an improvement on a portion thereof, a quit claim deed for the whole, constitutes a good and valuable consideration for a promise, and a note given therefor can be collected in full. We think that instruction was clearly correct. We go further, and say that the same would have been the result had the quit claim deed embraced other distinct and independent tracts, on which there were no improvements, if no deception was practised upon the purchaser. The rule contended for by the counsel for the defendant in error, is a sound one; that where there is no fraud or misrepresentation, the consideration is not to be apportioned. Where there is no consideration the contract will not be enforced, but a defendant cannot successfully resist the payment of a promissory note on the ground of inadequacy of consideration. He must be the judge of that matter at the time of making the contract.

Suppose then, that Wilson had given this note in consideration of a quit claim deed from Webster for lots, in some of which the latter had an interest, and in others not—there being no fraud or deception practised, and Wilson all the while understanding the facts precisely as they

existed. The conveyance of the interest which Webster held would in that case constitute the entire consideration of the contract. Wilson, who is presumed to know the law, would understand that a quit claim to lots in which Webster had no interest, conveyed nothing. If therefore, Webster had no transferable interest in the lots, on which there were no improvements—no deception being practised upon Wilson—the latter will be presumed to have given his note for the lots on which the improvements were located. He cannot now object to the payment of the note because these lots were not worth the amount he has stipulated to pay for them. There is no proof or pretence of any fraud or deception having been practised upon Wilson in the present case, and he must therefore perform his promise in the shape in which it was made.

Judgment affirmed.